## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RANFORD AUGUSTUS GROSSETT,    :
    :      Civil Action No.  13-5625 (JLL)
          Petitioner,    :
    :
          v.    :      **OPINION**
    :
OSCAR AVILES., et al.,    :
    :
          Respondents.    :

**APPEARANCES:**

**RANFORD AUGUSTUS GROSSETT**, Petitioner pro se
A 039-750-915
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, N.J. 07032

**LINARES**, District Judge

Petitioner Ranford Augustus Grossett ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Center in Kearny, New Jersey, pending his removal from the United States. On or about September 11, 2013, Petitioner filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he challenged his detention. (ECF No. 1.) For the reasons stated below, this Court will deny the Petition.[1]

---

[1] In addition to Oscar Aviles, warden of Hudson County Correctional Center, Petitioner also has named various federal officials as respondents. The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the petitioner is being held. Accordingly, Warden Oscar Aviles is the only properly named Respondent in this action, and the other named respondents will be dismissed from this action with prejudice. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

# I. BACKGROUND

In a previous opinion, this Court discussed the full factual history surrounding Petitioner's removal proceedings. *See Grossett v. Muller*, Civil Action No. 13-654 (JLL). For the sake of efficiency, the Court will re-state only the necessary facts. Petitioner is a native and citizen of Jamaica who was admitted to the United States as a Lawful Permanent Resident on or about August 27, 1985. *Id.* After committing several crimes, ICE detained Petitioner and served him with a Notice to Appear ("NTA") charging him with being subject to removal pursuant to Section 237(a)(2)(B)(I) of the Immigration and Nationality Act (being convicted of a violation of a law relating to a controlled substance). *Id.* On August 6, 2012, the Immigration Judge issued an opinion denying Petitioner's applications for relief and ordering him removed to Jamaica. *Id.* Petitioner appealed that decision and on November 30, 2012, the Board of Immigration Appeals ("BIA") denied Petitioner's claims and dismissed the appeal. *Id.* at 4. Petitioner filed an appeal to the Second Circuit Court of Appeals and requested a stay of deportation. *Grossett v. Holder*, No. 13-43 (2d Cir. Jan. 7, 2013). On September 23, 2013, the Second Circuit denied Petitioner's appeal and denied his request for a stay of deportation as moot. *Id.* at ECF No. 42.

On or about September 11, 2013, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner argues that he has been unlawfully detained by Respondents despite the fact that he was ordered removed on July 31, 2012. (Pet. ¶ 2.) Petitioner argues that his unreasonable detention violates his due process rights. (*Id.* at ¶ 11 & 13.) In the petition, Petitioner also raises other claims such as intentional infliction of emotion distress; willful and deliberate negligence; malicious infliction of harm; willful and deliberate indifference; malicious intention to inflict harm, fear and trauma; and "violation of the Eighth Amendment – Future Harm;" (*Id.* at ¶¶ 39-102.) Petitioner purports to bring these claims

pursuant to "28 U.S.C. §§ 2201-02 (declaratory relief); 42 U.S.C. § § § § §1981, 1982, 1983, 1985, 1986 and 1988 (Civil Rights Act); 28 U.S.C. § 1343 and the Art I§ 9, cl. 2 (Suspension Clause), First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution." (*Id.* at ¶ 18.)

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973), and because Petitioner asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1231. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

#### 1. Habeas Claims

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention

of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States ..."). Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90–day "removal period." *See* 8 U.S.C. § 123 1(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90–day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90–day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90–day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Specifically, the Supreme Court determined:

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

In this case, the BIA denied Petitioner's appeal and his removal order became administratively final on November 30, 2012. As such, his presumptive six-month period ended on May 30, 2013.[2] However, the *Zadvydas* Court emphasized that "[t]his 6–month presumption [

---

[2] As also discussed in Petitioner's previous case, Petitioner filed an appeal to the Second Circuit Court of Appeals on January 7, 2013 and requested a stay of deportation. *Grossett v. Holder*, No. 13-43 (2d Cir. Jan. 7, 2013). In the Second Circuit, the filing of a petition for review of the final order of removal, accompanied by a motion for a stay of removal, triggers the application of a "forbearance policy" recognized by agreement between DHS and the Second Circuit under which DHS has agreed not to effectuate the removal of an alien while he or she has a petition for review pending in the circuit court. *See Persaud v. Holder*, Civil Action No. 10-6506, 2011 WL 5326465, at *1 (W.D.N.Y. Nov.3, 2011) (filing of petition for circuit court review of final order of

] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. In the petition, Petitioner argues that his "extended detention period violates the safeguards permitted in *Zadvydas*" and that his "continued detention violated his constitutional rights because respondent cannot remove him for more than the 90 days limit of 8 U.S.C. § 1231...." (Pet. ¶ 3.) However, these allegations are not sufficient to support his conclusion that his removal is not reasonably foreseeable and, under these circumstances, *Zadvydas* does not require DHS to respond by showing that removal is foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). *See also Barenboy v. Attorney Gen. of U.S.*, 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.... Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted). Because Petitioner has not asserted facts showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, his detention is authorized by § 1231(a)(6). *See, e.g., Joseph v. United States*, 127 F. App'x 79, 81

---

removal, along with motion for stay of removal, triggers "forbearance policy"); *Luna–Aponte v. Holder*, 743 F.Supp.2d 189, 191 (W.D.N.Y. 2010) ("forbearance policy" prevents DHS from removing any alien who has requested a stay of removal with a petition for review of immigration order of removal). The Second Circuit only recently, on September 23, 2013, denied Petitioner's appeal and his request for a stay of deportation as moot, thereby ending the "forbearance policy" period.

(3d Cir. 2005) ("Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here.").

This dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Petitioner can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

## 2. Civil Rights Claims

The bulk of the "petition" appears to raise civil rights claims pursuant to various statutes. (*See* Pet. ¶ 18.)

Federal law provides two avenues of relief to inmates: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action." *Id.* As § 1983 action applies only to state actions, it is not available to federal inmates; the federal counterpart is an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging deprivation of a constitutional right. *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 801 (3d Cir. 2001) ("A *Bivens* action ... is the federal equivalent of the § 1983 cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law").

The Court of Appeals explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

The filing fee for a habeas petition is $ 5.00 and inmates filing a habeas petition who are granted *in forma pauperis* status do not have to pay the filing fee. *See Santana v. United States*, 98 F.3d 752 (3d Cir. 1996) (filing fee payment requirements of PLRA do not apply to *in forma pauperis* habeas corpus petitions and appeals). For civil rights complaints, the entire fee to be paid in advance of filing is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. Thus, courts generally do not *sua sponte* re-characterize habeas pleadings into civil rights complaints.

Here, Petitioner's claims of intentional infliction of emotion distress; willful and deliberate negligence; malicious infliction of harm; willful and deliberate indifference; malicious intention to inflict harm, fear and trauma; and "violation of the Eighth Amendment – Future Harm" (Pet. at ¶¶ 39-102), do not affect the "fact or duration" of his confinement. As such, those claims are not properly brought in a habeas action. Because Petitioner has not prepaid the $350.00 filing fee, plus the $50 administrative fee, and because of the consequences that flow from a grant of leave to proceed *in forma pauperis* in a civil rights action, this Court will not construe this claims as a civil rights complaint. This Court will dismiss these claims for lack of jurisdiction, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by *Bivens*. This Court expresses no opinion as to the merits of Petitioner's claims.

## III. CONCLUSION

For the reasons set forth above, Petitioner's habeas claims regarding his detention are denied without prejudice. Petitioner's claims regarding his conditions of confinement are dismissed for lack of jurisdiction. An appropriate order follows.

Dated: 12/17/13

JOSE L. LINARES
United States District Judge